[No. 10,040.]

## THE PEOPLE *v.* JOHN DEVINE.

SUMMONING ADDITIONAL JURORS.—If the trial jurors, although legally drawn, have not been legally summoned, the Court may, by an order, direct additional jurors to be summoned.

PROOF OF WHAT WITNESS TESTIFIED ON FORMER TRIAL.—In a criminal case, proof may be introduced of what a witness testified to on a former trial, if the witness has left the State.

IDEM.—To prove what a witness swore to on a former trial, is producing the testimony anew, and is not using or referring to the former verdict, and

does not, therefore, conflict with section four hundred and thirty-nine of the Criminal Practice Act.

CONFESSIONS AS EVIDENCE.—When a person charged with the commission of a crime is arrested and held in custody more than twenty-four hours without being taken before a magistrate, voluntary confessions made by him to the officer are not to be excluded as evidence, on the ground that he was illegally in custody after the twenty-four hours expired.

APPEAL from the District Court of the Twelfth Judicial District, City and County of San Francisco.

When the case was called for trial the defendant's attorney challenged the panel of trial jurors, because it had not been summoned until after the Code went into effect, and had not been summoned in accordance with the provisions of the Code. The Court allowed the challenge, so far as the trial of this indictment was concerned, and directed the Sheriff to summon from the body of the county additional jurors. When the case was again called for trial, the defendant's attorney challenged the panel, because an order had been made before the commencement of the term drawing a panel of jurors. The Court denied the challenge.

The defendant was convicted of the crime of murder in the first degree, and appealed.

The other facts are stated in the opinion.

*G. W. Tyler*, for Appellant.

Jurors had been legally drawn for the term, but illegally summoned. Section two hundred and twenty-six of the Code of Civil Procedure provides that "whenever jurors are not drawn and summoned to attend any Court of record, or a sufficient number of jurors fail to appear, such Court may, * * * by an ordered entered on its minutes, direct the Sheriff of the county forthwith to summon so many good and lawful men," etc.

This section only applies to cases where no jury has been drawn.

Section four hundred and thirty-nine of the Criminal Practice Act is inconsistent with the decisions allowing proof of the testimony of a deceased witness.   Many authorities hold, too, that there is a broad distinction between the death of a witness and his departure from the State.    (*Wilbur* v. *Selden*, 6 Cowen, 162; *Le Barron* v. *Crumbie*, 14 Mass. 234; *Crary* v. *Sprague*, 12 Wend. 41.)

*D. J. Murphy, District Attorney of San Francisco*, for the People.

The rule allowing proof of the testimony of a deceased witness applies equally to a witness out of the State.   (1 Greenleaf Ev., Sec. 163; 1 Bishop Cr. Procedure, Sec. 527; Cooley's Const. Lims. 318; *Hooker* v. *Jamison*, 2 Watts & S. 440: *Magill* v. *Kauffman*, 4 Serg. & R. 319; *Kenduck* v. *State*, 10 Humph., Tenn., 479; *Summons* v. *State*, 5 Ohio, 325.)

It matters not in what way confessions are obtained they are admissible in evidence.   (1 Greenleaf Ev. 229; 1 Taylor Ev. 804; *People* v. *Rogers*, 18 N. Y. 9; *People* v. *McCollister*, 1 Wheeler's Cr. Cases, 392.)

By the COURT:

1.  There was no error in denying the challenge of the prisoner made to the panel of jurors summoned by the Sheriff from the body of the county.

The statute provides that the Court may order the Sheriff to summon a sufficient number of persons to serve as jurors, if a sufficient number had not been already drawn and summoned.   This means drawn according to law, and summoned according to law.   If an ascertained failure occur in either of these respects, the authority of the Court to order jurors to be summoned from the body of the county is clear.   In this case, upon inquiry made at the instance of the prisoner,

the Court found that the jurors, though legally drawn, had not been legally summoned, and, thereupon, by order entered upon its minutes, directed that additional jurors be summoned.

2. Nor was there any error in admitting at the last trial proof of the testimony given by Kelley at the former trial. Kelley had been examined at the former trial, but was absent from the State at the last trial. The rule which upon a new trial permits proof of what a witness, since deceased, testified at a former trial, would seem, upon principle, to include as well the testimony of a witness who had since the last trial gone without the jurisdiction; and there is no lack of authority to this effect. (1 Greenl. on Ev., Sec. 1631, Redfield's edition, Note 1, and cases there cited.)

There is nothing in section four hundred and thirty-nine of the Criminal Practice Act which militates, in the slightest degree, against this view. To prove what a witness swore to on a former trial *is* producing the testimony anew, and is not using or referring to the former verdict in any sense.

3. The only other point relied upon is as to the admissibility of the evidence given by Captain Douglass, of the police force. He testified to certain conversations had between the prisoner and himself, while the prisoner was in his custody. It appeared that in point of fact no inducements were held out by the officer, nor threats made to the prisoner; but the conversation was free and voluntary upon the part of the prisoner. Indeed, the contrary is not pretended in argument; but it is claimed that, as the prisoner was not taken before a magistrate within twenty-four hours after his arrest by the officer, the custody in which he was at the time of the conversation referred to was an *illegal custody*, and that what he said, while in such custody, is *for that reason only* inadmissible as evidence against him. We think, however, that this position finds no countenance either in principle or authority.

Statement of Facts.

The judgment is affirmed, and the remittitur will issue forthwith.