[No. 10,584.—In Bank.]

## PEOPLE v. CHUNG AH CHUE.

TESTIMONY ON A FORMER TRIAL—WITNESS—EVIDENCE—CRIMINAL PRACTICE.
—On the trial of an indictment, the reporter's notes of the testimony given on the trial of a former indictment for the same offense, by a witness shown to be out of the State, are inadmissible in evidence.

ID.—CASE DISTINGUISHED.—*People* v. *Devine*, 46 Cal. 48, distinguished.

APPEAL from a judgment of conviction, and an order denying a new trial, in the Superior Court for the City and County of San Francisco. FERRAL, J.

*N. S. Wirt*, for Appellant.

*A. L. Hart*, Attorney-General, for Respondent.

McKINSTRY, J.:

Indictment for larceny. The defendant had previously been indicted for the larceny of the same property, tried, found

guilty, a new trial granted, and the indictment dismissed. On the trial of the present indictment the prosecution was permitted to introduce, against the objections of defendant, the reporter's notes of the testimony of Manuel de Arena, a witness at the trial of the first indictment—evidence being given that Arena was without the State.

The Court erred in permitting the reporter's notes to be read in evidence. It is provided by § 1870 of the Code of Civil Procedure (subd. 8), that, at a trial, may be given in evidence " the testimony of a witness deceased, or out of the jurisdiction, or unable to testify, given in a former action between the same parties relating to the same matter." The Penal Code, § 1102, provides : " The rules of evidence in civil actions are applicable also to criminal actions, except as *otherwise provided* in this Code." Section 686 of the Penal Code, under the head " Rights of a defendant in a criminal action," declares: " In a criminal action the defendant is entitled: * * * 3.' To produce witnesses on his behalf, and to be confronted with the witnesses against him, in the presence of the Court, except that where the charge has been preliminarily examined before a committing magistrate, and the testimony taken down by question and answer in the presence of the defendant, who has, either in person or by counsel, cross-examined or had an opportunity to cross-examine the witness ; or where the testimony of a witness on the part of the people, who is unable to give security for his appearance, has been taken conditionally, in the like manner, in the presence of the defendant, who has, either in person or by counsel, cross-examined, or had an opportunity to cross-examine, the witness, the deposition of such witness may be read, upon it being satisfactorily shown to the Court that he is dead or insane, or cannot with due diligence be found within the State."

There can be little doubt of the meaning of the foregoing citation. The defendant in a criminal action is entitled " to be confronted with the witnesses against him, in the presence of the Court "—that is, the Court in which " the action " is being tried—except in the instances specified.

Devine's case (*People* v. *Devine*, 46 Cal. 48) was tried in the District Court before the Codes took effect, and it does not appear that the attention of the Supreme Court was called to any similar provision in the former Criminal Practice Act.

Judgment and order reversed, and cause remanded for a new trial.

MORRISON, C. J., ROSS, J., SHARPSTEIN, J., and THORNTON, J., concurred.