[No. 10,599.—In Bank.]

## THE PEOPLE v. M. QURISE.

REPORTER'S NOTES, ADMISSIBILITY OF.—On the trial the prosecution, after proving the death of one L., offered in evidence the reporter's notes of his evidence given on a former trial of the case, and the same were admitted. *Held:* This was error.

APPEAL from a judgment of conviction in the Superior Court of Stanislaus County. HEWELL, J.

The following statement appears in the bill of exceptions: "Frank Repose, called as a witness for the prosecution, testified in substance: 'I know Imerson Luke; I know that he is dead; I was there when he got shot.' The District Attorney then said: 'I now offer in evidence the testimony of Imerson Luke, given in the previous trial and certified to by the reporter.' The defense objected to said evidence upon the ground, among others, 'that it is not proven nor shown that the offense for which the defendant was on trial at the time the testimony was taken was the same, or substantially the same, as that for which the defendant is now on trial.' The

prosecution then called C. A. Sumner (official short-hand re-
porter of the Court), as a witness for the prosecution, to show
the identity of the offenses, who testified in substance as fol-
lows: I remember the trial of the case of *The People* v. *M.
Qurise* in this Court in June last. That is the testimony of
Imerson Luke on that trial. (Refers to the transcript offered
in evidence.) That is all the testimony, direct and cross-ex-
amination. The defendant was on trial upon an information
similar to that—don't know that that is the information (re-
ferring to information shown to witness). The information
was then submitted to the Court. It charged the defendant
with larceny and embezzlement of a horse, saddle, and bridle
from I. Luke, the property of said Luke, in the County of
Stanislaus, on the twenty-fourth of November, 1879. The
Court then overruled the objection and allowed the testimony,
to which ruling then and there the defendant duly excepted,
and the District Attorney proceeded to read the same, which
is in substance as follows." (Here follows the testimony of
Imerson Luke.)

*Johnson* and *Hazen*, for Appellant.

No sufficient foundation was laid for the admission of
Luke's deposition.

*A. L. Hart*, Attorney General, for Respondent.

The testimony of Luke was clearly admissible. (*People* v.
*Murphy*, 45 Cal. 137.)

The COURT:

On the trial of this case the prosecution offered in evidence
the short-hand reporter's notes of the evidence given by one
Luke on a former trial of the case. The evidence was ob-
jected to by defendant's counsel, the objection was overruled,
and the notes were read in evidence. This was error. (*Peo-
ple* v. *Chung Ah Chue*, 57 Cal. 567.)

Judgment and order reversed.