[20943. Department One.—April 11, 1893.]

# THE PEOPLE, RESPONDENTS, *v.* DANIEL GARDNER, APPELLANT.

CRIMINAL LAW—ATTEMPT TO COMMIT RAPE—PLEADING—AGE OF CHILD—SPECIAL DEMURRER—ARREST OF JUDGMENT.—An objection that an information charging the defendant with the crime of an attempt to commit rape upon a girl "being then and there of the age of eleven years," does not state facts constituting a public offense, in that it fails to show the child to have been under fourteen years of age, is without merit. Such an objection is too technical to be raised otherwise than by a special demurrer, and is not ground for a motion in arrest of judgment.

ID.—GROUNDS FOR ARREST OF JUDGMENT—JURISDICTION TO AFFIX PENALTY.—A motion in arrest of judgment in a criminal prosecution can only be based upon defects appearing upon the face of the information or indictment. An objection that the court has no jurisdiction to affix any penalty or render any judgment, because of the failure of the statute to provide any punishment for the offense charged, cannot be urged upon the hearing of such a motion.

ID.—"ATTEMPT" TO COMMIT RAPE DISTINGUISHED FROM "ASSAULT WITH INTENT"—PUNISHMENT OF OFFENSE.—The offense of an attempt to commit rape differs from the offense of an assault with intent to commit rape, for which provision is made by section 220 of the Penal Code; and the punishment for the former offense is governed by section 664 of the Penal Code, which provides that an attempt to commit an offense, where no provision is made by law for the punishment of such attempt, is punishable by imprisonment for a term not exceeding one half the longest term prescribed upon a conviction of the offense.

ID.—VALIDITY OF SENTENCE.—The crime of rape being punishable by imprisonment for life, or for any specified term of years not less than five, a judgment of imprisonment for five years for an attempt to commit rape is warranted by section 664 of the Penal Code.

ID.—EVIDENCE—TESTIMONY OF PROSECUTRIX—CORROBORATION—SUPPORT OF VERDICT.—Evidence of the prosecuting witness alone, in a criminal prosecution for an attempt to commit rape, is sufficient to sustain a verdict of guilty, and where such evidence convinces the jury and satisfies the law, it need not be corroborated.

ID.—TESTIMONY TAKEN AT PRELIMINARY EXAMINATION—DEFECTIVE CERTIFICATE—ABSENCE OF WITNESS FROM STATE—STENOGRAPHER'S NOTES INADMISSIBLE.—A defendant in a criminal prosecution has the right to be confronted with the witnesses against him in the presence of the court, with the single exception that the deposition of a witness properly taken at a preliminary examination may be read upon its being satisfactorily shown to the court at the time of trial that he is dead, or insane, or cannot, after due diligence, be found within the state; and it is error to admit in evidence the testimony of a stenographer as to the evidence given by a witness upon the preliminary examination, after the rejection of the deposition of such witness by reason of a defective certificate, although it was proved that such witness could not be found in the state, due diligence being used.

ID.—IMPEACHMENT OF PROSECUTING WITNESS—PREJUDICE AND INTEREST.—Where the proper foundation is laid by cross-examination of the prosecuting witness in a criminal prosecution for an attempt to commit rape, evidence that she said that she was going to get some money out of the defendant if she had to put up a job on him, is admissible as tending to show her prejudice and interest in the case.

APPEAL from a judgment of the Superior Court of Sacramento County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Grove L. Johnson,* and *S. Solon Hall,* for Appellant.

*Attorney-General W. H. H. Hart,* for Respondents.

GAROUTTE, J.—The defendant was convicted of the crime of an attempt to commit rape upon a girl under the age of fourteen years, and this appeal is taken from the judgment and order denying a motion for a new trial.

Defendant moved to arrest the judgment upon the grounds: 1. The court had no jurisdiction to affix any penalty or render any judgment for the reason that no punishment was provided for the offense by the statute. 2. The information did not state facts sufficient to constitute a public offense. The objectionable language of the information is "said Lizzie Cox being then and there of the age of eleven years." It is now insisted that the information does not show the child to have been under fourteen years of age. Appellant's position has no merit, and the objection to the information, if it is objectionable, is entirely too technichal to be reached otherwise than by special demurrer. As to the remaining ground relied upon to arrest the judgment, it was not a matter that could be urged upon the hearing of such a motion. A motion of that character can only be based upon defects appearing upon the face of the information or indictment. (Penal Code, sec. 1185; *People* v. *Fair,* 43 Cal. 147; *People* v. *McCarty,* 48 Cal. 559.) But the question is before us upon appeal from the judgment, and we proceed to its consideration.

The defendant was sentenced to imprisonment in the state prison for the term of five years, and it is now asserted that no penalty is prescribed by statute for a conviction of the offense here charged. It will be noticed that the defendant was convicted of an attempt to commit rape, and not of the offense of an assault with intent to commit rape, for which provision is made by section 220 of the Penal Code. There is a distinction between these offenses, and the facts required to prove an attempt

are not necessarily sufficient to prove an assault with intent. We had occasion to consider at some length this question in *People* v. *Lee Kong,* 95 Cal. 666, and leave the matter with a reference to that case and the case of *Godfrey* v. *State,* 17 Or. 300. Judgment was pronounced upon this defendant by virtue of section 664 of the Penal Code, which provides, "Any person who attempts to commit any crime, but fails, or is prevented or intercepted in the perpetration thereof, is punishable, where no provision is made by law for the punishment of such attempts, as follows:—

"1. If the offense so attempted is punishable by imprisonment in the state prison for five years or more, or by imprisonment in a county jail, a person guilty of such attempt is punishable by imprisonment in the state prison, or in a county jail, as the case may be, for a term not exceeding one half the longest term of imprisonment prescribed upon a conviction of the offense."

In order to determine, therefore, what the punishment for an attempt to commit rape is, we must look for the longest term of imprisonment imposed for the commission of the crime of rape. Section 264 of the Penal Code is as follows: "Rape is punishable by imprisonment in the state prison for not less than five years." In such a case where the minimum punishment only is limited, by virtue of section 671 of the Penal Coc', the penalty may be affixed in terms at imprisonment for life. Therefore, a defendant convicted of rape may be sentenced to imprisonment in the state prison for the term of his natural life, or he may be sentenced to imprisonment for any specified term of years not less than five. It will thus be observed that the court has the power to visit upon such defendant either one of two judgments. It is now insisted that a judgment of life imprisonment is a longer term of imprisonment than one for any stated number of years, and the statute providing that the judgment upon the defendant should be for a term of years not exceeding one half the longest term prescribed upon a conviction for rape, it follows that the judgment should be for a term of years not exceeding one half of the defendant's life, and such a term of years being impossible of calculation, the statute is meaningless, and consequently no penalty for this

offense is found in the law.   This reasoning is ingenious but not sound.   If the statute only allowed a judgment of imprisonment for a term of years, not less than five, upon a conviction of rape, then the judgment in this case would be strictly within the law; for it would declare a term of imprisonment not exceeding one half the longest term that the court would have the power to impose.   Again, if it be conceded that any term, no matter how long, would be a longer term of imprisonment than a judgment of imprisonment for life, then the judgment under investigation comes strictly within the law.   Now, assuming appellant's position to be true, that a *judgment of imprisonment for life is a judgment for a longer term* than one for any stated number of years, then the judgment at bar is equally sound, for the greater includes the less, and if the judgment in this case is a valid judgment, computed upon the basis of any judgment that might be rendered for a term of years under a conviction of rape, it necessarily is a valid judgment computed upon the basis of a judgment of imprisonment for life, for, as counsel for appellant insist, such judgment is for a longer term of imprisonment than any judgment could be that prescribed imprisonment for a stated time.   In other words, if the judgment of five years is not in excess of one half of the longest term that could be given, in case the statute did not allow a life imprisonment, then it cannot be in excess of one half of a life imprisonment, for that is a longer term.   The evidence is sufficient to support the verdict, and in this class of cases the evidence of the prosecuting witness, if convincing the jury and satisfying the law, need not be corroborated.   (*People* v. *Mayes*, 66 Cal. 597; 56 Am. Rep. 126; *People* v. *Steuart*, 90 Cal. 212; *People* v. *Fleming*, 94 Cal. 308.)

The court erred in admitting the testimony of the witness Briar.   One Stone was examined as a witness at the preliminary examination of defendant.   At the trial it was proven that said Stone could not be found in the state, due diligence being used.   Thereupon the district attorney attempted to introduce in evidence the deposition of Stone taken at the preliminary examination.   The deposition was rejected by reason of a defective certificate thereto, and thereupon the stenographer, Briar, was called and testified as to the evidence given by the

witness Stone at the preliminary examination.   One of the ob-
jections made to the admission of the evidence was that the
evidence of an absent witness, given at the preliminary exami-
nation, could only be used at the trial by the introduction of
his deposition taken at that time.   Both reason and authority
sustain this position.   To permit the testimony of an absent wit-
ness to be given to the jury through the medium of the recollec-
tion of a by-stander at the hearing — and the reporter occupied
no different position — is to deprive the defendant of the right to
be confronted by the witnesses, and to place before the jury the
purest hearsay.   While hearsay testimony under certain pecu-
liar circumstances is allowed to be placed before the jury, the
facts here divulged by the record do not place this case within
any exception to the general rule.   Whatever may be the rule
of evidence regarding these matters in civil actions, as declared
by section 1870, subdivision 8 of the Code of Civil Procedure,
that rule has no application to criminal cases.   Section 1102
of the Penal Code provides, "the rules of evidence in civil
actions are applicable also to criminal actions, except *as other-
wise provided in this code*," and as to these matters it is very
apparent that the Penal Code otherwise provides.   Section 686
declares the rights of a defendant in a criminal action; and
subdivision 3 thereof provides:  "To produce witnesses on his
behalf and to be confronted with the witnesses against him in
the presence of the court, except that where the charge has been
preliminarily examined before a committing magistrate, and the
testimony taken down by question and answer in the presence
of the defendant, who has either by person or by counsel had an
opportunity to examine the witness . . . . the deposition of
such a witness may be read upon its being satisfactorily shown
to the court that he is dead or insane, or cannot, after due dili-
gence, be found within the state."   The law thus states that the
defendant is entitled to be confronted with the witnesses against
him in the presence of the court, with but a single exception,
and this case is not that exception.   By rejecting the official
notes the court in effect held that it was not a deposition, and
that fact being established, the exception provided by the stat-
ute requiring the presence of the witness in court at the trial
was not present, and the witness' knowledge of the facts of the

case could only have been produced before the jury from his own lips. This question was directly adjudicated upon, and the foregoing views supported in *People* v. *Chung Ah Chue*, 57 Cal. 567, which decision was followed in *People* v. *Qurise*, 59 Cal. 343. In those cases it was held that the official report of the witness' evidence, as given at a previous trial, could not be received before the jury, as it failed to come within the exception found in subdivision 3, section 686, already quoted. If such evidence is not allowed to go before the jury, for the same reasons the recollections of person present as to what the witness said at the preliminary examination is doubly objectionable.

It is intimated in *People* v. *Carty*, 77 Cal. 213, that this character of evidence is admissible, but the intimation was purely voluntary and not demanded by the exigencies of the case. The rule in civil actions evidently possessed the mind of the learned commissioner at the time he threw out the suggestion. No authority has been called to our attention, decided since the adoption of the codes, that justifies the admission of the evidence here introduced. The remaining objection to the admission of the evidence of the witness Briar does not seem to be well founded in view of the last provision of section 2047 of the Code of Civil Procedure.

The proposed evidence of the witness Rich as to the statements made to him by the prosecuting witness, that she was going to get some money out of the defendant if she had to put up a job on him, was admissible as tending to show her prejudice and interest in the case, provided the proper foundation was laid when she was on the stand, but we are not referred to the folio of the transcript where such evidence may be found. The other statement proposed to be shown by this witness was clearly not a proper matter to go to the jury.

The objections made by the attorney-general to the consideration of the record in this case are technical in the extreme, and we pass them by as not demanding extended notice. We see no other matter in the record demanding our attention.

Let the judgment and order be reversed and the cause remanded for a new trial.

PATERSON, J., and HARRISON, J., concurred.