THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* GERMÁN MARRERO, ETC., Defendant and Appellant.

No. 8401. Argued December 2, 1940.—Decided December 6, 1940.

*José Sabater* for appellant. *George A. Malcolm, Attorney General, R. A. Gómez, Prosecuting Attorney, Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

Mr. Justice De Jesús delivered the opinion of the court.

The appellant took this appeal from a judgment of the District Court of Mayagüez, whereby he was sentenced to three years' imprisonment in the penitentiary at hard labor for the crime of attempt to commit rape. In his brief he assigns two errors which he states thus:

"First error: The lower court erred in overruling the peremptory demurrer which was based on the ground that the information did not state a public offense. (Record, p. 12.)

"Second error: The court erred in denying the motion made by counsel for the defendant, praying that the verdict be set aside and a new trial ordered in accordance with the provisions of section 303 of the Code of Criminal Procedure of P. R. (Record, p. 13.)"

No transcript of evidence or statement of the case showing the evidence introduced in the trial court has been sent up to this court. Nor have we before us the instructions delivered to the jury. Under such circumstances, in passing upon the assignments of error made, we will only consider the matter contained in the record as filed.

The information whose sufficiency is attacked by the appellant textually reads as follows:

"The district attorney brings this information against Germán Marrero, commonly known by the name of Alejandro Germán Vélez, for the crime of attempt to commit rape, committed as follows:

"The said defendant, Germán Marrero, commonly known by the name of Alejandro Germán Vélez, on or about February 5, 1939, in Las Marías, P. R., which forms part of the judicial district of Mayagüez, P. R., did criminally, intentionally, and maliciously attempt to lie with and have carnal knowledge of a minor girl less than fourteen years of age, named Gloria Alayón Nieves, who then and there was not his wife and could not consent by reason of her minority.

"This fact being contrary to the statute in such cases made and provided and against the peace and dignity of the People of Puerto Rico."

We agree with the appellant that in our code no crime is set forth under the express designation of "attempt to commit rape" (violación en grado de tentativa), but that sole circumstance does not necessarily mean that the act which, according to the information, was done by the appellant has not been expressly declared to be a public offense. As the crime of rape is expressly defined by section 255 of our Penal Code, and as section 50 of the same code prescribes the punishment for an attempt to commit any of the crimes defined by said code, it is clear that the attempt to commit rape is provided for in our code; and therefore a judgment of conviction of said crime does not violate section 5 of the said code which provides that "no person shall be arrested for any crime or offense unless such crime or offense is expressly declared in this Code . . ."

In this connection, see the case of People v. Hawley (1930), 106 Cal. A. 216, wherein there was involved an attempt to commit grand larceny, which in California, as in Puerto Rico, is not expressly defined by the Penal Code.

In the case of People v. Lee Kong, 95 Cal. 666, 669, 17 L.R.A. 626, the difference between an attempt to commit an offense and an assault with intent to commit the offense was clearly established, and it was held that an assault to commit a crime involves two essential or indispensable elements:

(1) an attempt to commit the crime and (2) the present ability to accomplish the act intended, it being further held that an assault to commit a given crime can be prosecuted and punished under an accusation charging only an attempt to commit the crime.

In *People* v. *Gleason,* 99 Cal. 359, there was involved an attempt to commit incest, in *People* v. *Oates,* 142 Cal. 12, 14, an attempt to commit the crime against nature, and in *People* v. *Gardner,* 98 Cal. 127, 128, precisely as in the instant case, an attempt to commit rape, although the Penal Code of California, similarly as ours, does not expressly use the terms attempt to commit incest, attempt to commit the crime against nature, or attempt to commit rape.

◼ The appellant maintains that the information is also insufficient, in that it charges that the defendant, at a certain place and prior to the filing of the information, "did criminally, intentionally, and maliciously attempt to lie with and have carnal knowledge of a girl less than fourteen years of age . . . ," and fails to allege that the defendant attempted to rape, etc. In order to charge the crime in question it is not necessary to use the words "to rape" or "rape," as section 255 of the Penal Code, in defining one of the modes of the offense, expressly provides that the same is committed when an act of sexual intercourse is committed with a female not the wife of the perpetrator, when such female is under the age of fourteen years. In the case of *People* v. *Miranda,* 30 P.R.R. 452, the information read thus: "That the defendant, Juan Miranda, in Ponce, Porto Rico, part of the judicial district (of Ponce), lay (*yació*) with the girl under fourteen years of age (naming her) who then and there was not his wife." This court considered as sufficient said information, which, as may be seen, was drafted in substantially the same language as that used in the information now attacked by the defendant. See also the case of *People* v. *Vázquez,* 40 P.R.R. 245.

The appellant in his argument under the first assignment of error makes the regrettable mistake of assuming that the crime to which the information refers is that of assault with intent to commit rape, which is defined in section 222 of the Penal Code, and he ineffectually directs that argument towards showing that the information does not set forth the necessary elements to constitute said crime. As the latter is not the one charged in the information, we need not go into a consideration of the allegations that must be made in an information for a violation of said section 222.

The appellant has not placed us in a position to pass upon the second error assigned, for, as we have already stated, we do not have before us the evidence which was submitted to the trial court.

As section 258 of the cited code provides that the crime of rape shall be punished by imprisonment in the penitentiary for a minimum term of one year, without expressing the maximum term, the maximum penalty for said crime is life imprisonment. Therefore, the crime of attempt to commit rape is punished by imprisonment in the penitentary for a term *not exceeding one-half of the defendant's life*. Since it is impossible to calculate the number of years which the defendant may live, and since it is likewise impossible to calculate one-half of that period, it would seem as if the penalty fixed by section 50 were uncertain and as if the defendant could not be punished, and hence must be discharged. This question has been raised and decided adversely to the defendant in California, where the courts were faced with the same situation. It was raised for the first time in 1893, in the case of *People* v. *Gardner, supra,* which, as we have seen, involved the crime of "attempt to commit rape." In discussing that question the court said:

"It is now insisted that a judgment of life imprisonment is a longer term of imprisonment than one for any stated number of years, and the statute providing that the judgment upon the defendant should be for a term of years not exceeding one half the

longest term prescribed upon a conviction for rape, it follows that the judgment should be for a term of years not exceeding one half of the defendant's life, and such a term of years being impossible of calculation, the statute is meaningless, and consequently no penalty for this offense is found in the law. This reasoning is ingenious but not sound. If the statute only allowed a judgment of imprisonment for a term of years, not less than five, upon a conviction of rape, then the judgment in this case would be strictly within the law; for it would declare a term of imprisonment not exceeding one half the longest term that the court would have the power to impose. Again, if it be conceded that any term, no matter how long, would be a longer term of imprisonment than a judgment of imprisonment for life, then the judgment under investigation comes strictly within the law. Now, assuming appellant's position to be true, that a *judgment of imprisonment for life is a judgment for a longer term* than one for any stated number of years, then the judgment at bar is equally sound, for the greater includes the less, and if the judgment in this case is a valid judgment, computed upon the basis of any judgment that might be rendered for a term of years under a conviction of rape, it necessarily is a valid judgment computed upon the basis of a judgment of imprisonment for life, for, as counsel for appellant insist, such judgment is for a longer term of imprisonment than any judgment could be that prescribed imprisonment for a stated time. In other words, if the judgment of five years is not in excess of one half of the longest term that could be given, in case the statute did not allow a life imprisonment, then it cannot be in excess of one half of a life imprisonment, for that is a longer term."

The *Gardner* case was confirmed in that of *People* v. *Burns* (1902), 138 Cal. 159, 60 L.R.A. 270. See also *In re Gilbert* (1929), 97 Cal. A. 505.

Applying to the case at bar the reasoning of the *Gardner* case, *supra*, it is evident that the sentence of three years' imprisonment in the penitentiary imposed on the defendant in this case is valid, as it is comprised within the limits established by subdivision 1 of section 50, in connection with section 258, of the Penal Code.

Therefore, the appeal must be overruled and the judgment appealed from affirmed.