THOMAS SEWELL *v.* COMMONWEALTH.

[Kentucky Law Reporter, Vol. 3—86.]

**Argument in a Criminal Case.**

> In a trial of a murder case the trial court has a large discretion as to limiting the time for argument and the Court of Appeals will not reverse except for a gross abuse of such discretion.

**Evidence.**

> It is error in the trial of a murder case to admit evidence of proceedings which occurred away from the place where the homicide took place, between one person and the deceased, in which the deceased abused such person, the defendant not being present and having no knowledge of what occurred there.

APPEAL FROM MADISON CIRCUIT COURT.

June 25, 1881.

OPINION BY JUDGE HINES:

It was error to admit evidence of what occurred in the house between Miss Davis and appellant prior to the shooting of Dunbar. Dunbar was not present, took no part in it, and had no connection with the difficulty in the house, and, so far as is shown by the record, he had no knowledge of it. The transaction in the house in which Miss Davis was abused by appellant was not a part of the transaction in which Dunbar was killed, and in no way illustrates it. 1 Wharton on Evidence (10th Ed.), § 266. *Highly v. Commonwealth*, 8 Ky. Opin. 579.

As to the limitation of the argument of counsel, it is sufficient to say that the lower court has a large discretion in such cases, and this court will not reverse, except for a gross abuse of that discretion, of which we see no evidence in this case.

But for the error indicated as to the admission of evidence the judgment is *reversed* and cause remanded with directions for a new trial.

*A. R. Burnam, W. B. Smith, for appellant.*

*P. W. Hardin, for appellee.*

[Cited, *Williams v. Commonwealth*, 82 Ky. 640, 6 Ky. L. 764.]