CASE 102—ARGUMENT, PRACTICE—APRIL 30, 1885.

## Williams v. The Commonwealth.

APPEAL FROM MASON CIRCUIT COURT.

The court limited each side to five minutes in the argument of the case. Appellant, as the record shows, made no claim or statement that more time was necessary.

*Held*—It is a matter within the sound discretion of the court, and unless complaint be made at the time and longer time asked for, this court will not interfere.

L. W. GALBRAITH AND THOS. R. PHISTER FOR APPELLANT.

1. Appellant had the right, under the Constitution, to be heard by himself or counsel.

2. In a criminal case greater latitude should be given.

3. To confine his counsel to five minutes amounts to giving no time whatever. (Constitution, article 13, section 12; 84 Ill., 48; Sewell v. Commonwealth, Ky. Law Rep., volume 3, 86; Austin v. Same, *Ib.*, volume 4, 29; 10 Met., 265; 9 Ind., 541; 70 N. C., 241; 3 Leigh, 744; 49 Ga., 255; 60 *Ib.*, 367; 13 Cal., 581; 90 Ill., 117.)

P. W. HARDIN, ATTORNEY GENERAL, FOR APPELLEE.

1. The question as to the time within which the argument is to be, is in the sound discretion of the court.

2. But in this case no complaint was made, no further time asked, and, therefore, this court will not reverse upon that point. (Sewell v. The Commonwealth, 3 Ky. Law Rep.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

Upon the trial of the appellant, Mat. Williams, upon a charge of felony, the lower court limited the

argument, as shown by the following statement in the bill of exceptions:

"Counsel for defendant offered to argue the case to the jury. The court limited the argument of counsel to five minutes for defendant, and to five minutes for Commonwealth. To which ruling and limitation of argument defendant objected and excepted at the time, and still objects and excepts. Thereupon the jury retired, and returned the following verdict."

The testimony in the case was brief, consisting of but three witnesses for the State and one for the defendant, and all of it is comprised within about four pages of the record. But two instructions were given, each containing but a few words.

The appellant says that he was, in effect, deprived of his constitutional right to a hearing by his counsel.

The testimony was but slightly conflicting; but this fundamental privilege is secured to one accused of crime, however clear and convincing the evidence of guilt may be, and although no testimony whatever may be offered by the defendant. However well satisfied the trial judge may be of the guilt of the accused, and however hopeless the task of argument by counsel may seem to him, yet he has no power to deprive the defendant of this right, either by entirely denying it or so limiting it as to make it a mockery. In the latter instance it would be a virtual denial of a privilege which has been properly regarded as sufficiently important to warrant its protection by constitutional provision.

It may now be regarded, however, as a settled rule that the argument of a cause may be *reasonably*

limited; but where the liberty or life of the citizen is involved, it is a power to be carefully exercised, and the appellate tribunal should see that it is not abused, because it is better to submit to an abuse of the right than to deny it or even appear to do so. Reason and the decided weight of authority, however, say that the substantial ends of justice will be better served by giving a judge the power necessary for the protection of his court and the dispatch of business; and as the judge at *nisi prius* sees and hears all the incidents of a trial, and is therefore better qualified to judge of the need of the exercise of a discretionary power, under all the circumstances, than an appellate tribunal, the latter should not reverse his action unless the power has been manifestly abused. Indeed the admission that he is vested with a reasonable discretion is at the same time a denial of the right to review the reasonable exercise of it.

In Lynch v. The State, 9 Ind., 541, it is said : " But the court has a right to regulate, by reasonable rules and limitations, the argument of causes. This is a necessary discretion to be possessed by a court to prevent abuse."

The same rule has been announced in many other cases. Among them may be mentioned Word v. Commonwealth, 3 Leigh, 743; State v. Collins, &c., 70 N. C., 241; People v. Keenan, 13 Cal., 581; White *et al.* v. The People, 90 Ill., 117, and Sewell v. Commonwealth, 3 Ky. Law Rep., 86.

It would perhaps be best in capital cases that this power should never be exercised ; or, if so, only under peculiar and extraordinary circumstances. A judge

can not foresee the line of argument that may be pursued, or` its effect upon a jury. He can not in advance measure accurately the period that may be necessary to enable counsel to present the case in the view by them deemed important; and one advocate may be so constituted mentally as to require more time to do so than another. Therefore, while from necessity the judge is invested with a discretion, yet the nature of the power demands its entire freedom from even the least abuse.

In White, &c., v. The People, *supra*, the charge was, as in the case now presented, larceny; and it was held that a restriction of the argument to five minutes upon a side was not a reasonable one under the circumstances and character of that case.

Whether the discretion has been properly exercised must depend upon the circumstances of each case; but as the right of argument is only valuable as it may afford an occasion to impress and influence the jury, it seems hardly possible that within the time allowed by the court in this instance that counsel, however terse, could expect to discuss the case with any hope of effect upon the determination of the issue. Indeed, while allowing the largest proper liberty to the discretion of the trial court, and while it is possible that a case might be presented of such a character in its circumstances that a restriction to the extent of the one now in question might be reasonable, and not a virtual denial of this defendant's constitutional right, yet such an example would be rare, especially if it were a charge of felony, and we should hesitate to so hold.

In this instance, however, the court, without suggestion, imposed the limit, and, from the character of the evidence in the case, it affirmatively appears that the restriction could not well have affected the result, which was the infliction of the lowest penalty for the offense. No motion was made by the defendant to set aside the order or to extend the time. The record shows only that an objection and exception was entered to the ruling, and there was then no statement made or claim set up that more time was necessary, or that the case could not be argued within the time allowed. For aught shown, the counsel may not have intended or in fact have desired to consume in argument even one-half the time that was allowed.

In the case of Hunt v. The State of Georgia, 49 Ga., 255, the counsel was limited in his argument to thirty minutes, over his protest that he could not do justice to his client's cause within that time.

In The State v. Collins, &c., *supra*, when the limitation was imposed the counsel for the defendant asked for more time. This also was done in White, &c., v. The People, *supra*, and also in The People v. Keenan, *supra;* and in the last two cases the counsel for the defendant, at the time of the restriction, claimed that the time allowed was wholly insufficient within which to present his client's cause; and in the last-named case when stopped by the court, at the expiration of the allotted time, he moved for an extension of it.

In the case now before us there was a mere exception to the order of the court; and in our opinion it is a reasonable requirement of the defendant, and one

shown by a review of the authorities to be justified by precedent, that he should ask further time, or at least in some way inform the judge that in his opinion injustice will be done him by the restriction, and not content himself with a mere exception.

Judgment affirmed.