Smith v. Commonwealth.

CASE 23—INDICTMENT—NOVEMBER 11.

## Smith v. Commonwealth.

APPEAL FROM RUSSELL CIRCUIT COURT.

1.. CRIMINAL LAW—CHALLENGING OF JUROR—DEATH PENALTY.—The provision of subsection 7 of section 210 of the Criminal Code that a juror may be challenged for implied bias "when the offense is punishable with death, if he entertain such conscientious opinions as would preclude him from finding the defendant guilty," is not nullified by an amendment to the statutes which permits the juror to fix the penalty for murder at either death or confinement in the penitentiary for life in their discretion.

"Punishable with death" means that which may be punished with death, and not that which can be punished in no other way.

2. COMPETENCY OF JUROR.—One called as a juror, who stated in response to questions by the defendant's attorney that he had fixed opinions as to the guilt or innocence of the defendant, and that it would require evidence to remove or change his opinions, and who stated further in response to a question by the court that he could give the defendant a fair and impartial trial, according to

the law and testimony, without regard to such opinions, was competent to act, under the provisions of the amendment of April 10, 1888, to section 209 of the Criminal Code.    In determining whether one called as a juror has disqualified himself his whole examination should be taken together.

3. MOTION FOR NEW TRIAL—REVIEW OF, ON APPEAL.—Under the provisions of section 281 of the Criminal Code the decision of the court upon motions for new trial are not subject to exception, and consequently can not be reviewed on appeal.

4. LIMITATION OF ARGUMENT.—The limiting by the court of the argument in a case to four hours on each side, where the facts were few was not unreasonable or an abuse of discretion to the prejudice of appellants' substantial rights.

J. BRYAN STONE FOR APPELLANT.

1. Prior to the adoption of the Code of Practice, and for some time afterwards, the punishment for willful murder was death, and when the statute was amended so as to make it either death or confinement for life, it nullified the provisions of sub-section 7 of section 210 of Criminal Code with reference to questioning persons called as jurors about their conscientious opinions as to inflicting the death penalty.

Under the amendment willful murder is not "punishable by death," but only may be so punished.

2. If one called as a juror has an opinion as to the guilt or innocence of the accused so fixed as to require evidence to remove it, even if based solely on newspaper reports, he is not a competent juror, although he may believe that he can render an impartial verdict on the evidence.   (State v. Miller, 29 Kan., 43; People v. Casey, 96 N. Y.; Shear v. State, 16 Tex. App.; Wright v. Com., 32 Gratt., (Va.), 94; Brown v. State, 57 Miss., 424; State v. Meaker, 54 Vt., 112.

3. Where a court has the power to reasonably limit the argument of a case, where the liberty or life of a citizen is involved, it is a power that should be carefully exercised.  (Williams v. Com., 82 Ky., 640.)   In this case, considering the importance of the case and the volume of testimony, the court abused its discretion in limiting the argument to four hours on each side.

4. The court should have granted a new trial on the important statements in the affidavit of John Tolson, which he had refused to tell the defendant or his attorneys until after the trial.

Smith v. Commonwealth.

J. F. MONTGOMERY ON SAME SIDE.

1. The amendment of April 10, 1888, to the Criminal Code was not intended to qualify a man to try another for his life or liberty when he had already a fixed opinion in his own mind that he was guilty and should be punished. The object of it was to avoid disqualification on account of mere impressions made by newspaper reports or rumor.

J. E. HAYS OF COUNSEL ON SAME SIDE.
W. S. TAYLOR FOR APPELLEE.

1. On the trial of an offense, the punishment of which is or may be death, if one has such conscientious opinions as would preclude him from inflicting the death penalty he is incompetent to act as a juror. (Section 210, Crim. Code, subsection 7.)
2. Where the opinion one may have formed of the guilt or innocence of the accused is based upon rumor, and he states on oath that he can give a fair and impartial verdict on the evidence, notwithstanding that opinion, he is not disqualified to act as a juror. (Section 209, Criminal Code; 120 U. S., 430; 105 Ill., 147.)
3. Under the circumstances in this case there was certainly no abuse by the court of its discretion in limiting the argument to four hours on a side.

JUDGE Du RELLE DELIVERED THE OPINION OF THE COURT.

The appellant was indicted for murder and convicted of voluntary manslaughter.

It is urged in his behalf that the trial court permitted each juror to be asked "If he had such conscientious scruples on the subject of capital punishment as would prevent him from finding a verdict of guilty where the punishment was or might be death," and, upon certain jurors replying in the affirmative, excused them from service.

Subsection 7 of section 210 of the Criminal Code provides that a juror may be challenged for implied bias "when the offense is punishable with death, if he enter-

tain such conscientious opinions as would preclude him from finding the defendant guilty."

It is contended that the amendment which permits the jury to fix the penalty for murder at either death or confinement in the penitentiary for life in their discretion renders this subsection a nullity; but we can not concur in this view.

"Punishable with death" means that which may be punished with death—not that which can be punished in no other way. The question appears to be a proper inquiry touching the competency of the jurors. It is further objected that "two jurors who were presented stated that they had opinions in the case, which opinions were based upon the rumors of the country, and had heard no one undertake to relate the facts in the case, and being examined by the defendant's attorneys stated that they had fixed opinions as to the guilt or innocence of the defendant, and that it would require evidence to remove or change said opinion. They were then each asked by the court if they felt that they could give the defendant a fair and impartial trial according to the law and testimony without regard to such opinion, and they answered that they could, and the court thereupon held said jurors to be competent." * * *

This procedure seems to be in reasonably strict compliance with the act of April 10, 1888, amending section 207 of the Criminal Code, which provides "that in the trial of any criminal cause the fact that a person called as a juror has formed an opinion or impression, based upon rumor or upon newspaper statements (about the

Smith v. Commonwealth.

truth of which he has expressed no opinion), shall not
disqualify him to serve as a juror in such case, if he
shall, upon oath, state that he believes he can fairly and
impartially render a verdict therein in accordance with
the law and the evidence, and the court shall be satis-
fied of the truth of such statement."

Some stress is laid upon the fact that the jurors
stated, in response to inquiry by the defendant's coun-
sel, "that they had *fixed* opinions as to the guilt or inno-
cence of the defendant, and that it would require evi-
dence to remove or change said opinion."

The whole examination of a person called as a juror
is to be taken together to determine his qualification,
and this response, evidently given in answer to an in-
quiry which suggested the language used, is sufficiently
modified and restricted by the response given to the in-
quiry made by the court.   A further objection is the re-
fusal of the trial court to grant a new trial upon the affi-
davit of Polson as to evidence which he states he had
refused to disclose until after the trial.   A sufficient
answer to all of the objections mentioned is found in
section 281 of the Criminal Code.   "The decisions of the
court upon challenges to the panel and for cause, upon
motions to set aside an indictment and upon motions
for a new trial shall not be subject to exception."   Mor-
gan v. Commonwealth, 14 Bush, 106; Terrell v. Com-
monwealth,   13 Bush,   251; Rutherford   v. Common-
wealth, 13 Bush, 609.

One other objection remains to be noticed, namely,
that the court limited the argument to four hours on a

side, and as defendant had six counsel this arrangement gave them only forty minutes apiece in which to present their case. We can not admit that a limitation to four hours of argument on each side in a case of this character, where the facts were few, was unreasonable, or an abuse of discretion to the prejudice of appellant's substantial rights.

, This court has decided that "the argument of a case may be reasonably limited." * * * Williams v. Commonwealth, 82 Ky., 640.

Judgment affirmed.