**Charles PHELPS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 13, 1968.

Paul E. Fagan, Moody & Fagan, Richmond, for appellant.

John B. Breckinridge, Atty. Gen., James H. Barr, Asst. Atty. Gen., Frankfort, Marcus C. Redwine, Jr., Winchester, George William Robbins, Richmond, for appellee.

STEINFELD, Judge.

This is an appeal by Charles Phelps from a judgment entered pursuant to a jury verdict finding him guilty of armed robbery (KRS 433.140) and sentencing him to ten

years' imprisonment. Appellant asserts that his due process right to trial by an impartial jury was violated and he cites many cases which stand for the proposition that a defendant is entitled to a hearing before a completely impartial jury. For the reasons hereinafter stated it is unnecessary for us to analyze or even cite those cases. We affirm.

Sam Burnam was assaulted and robbed. He testified that his assailant was Phelps, his neighbor. At formal arraignment Phelps' court-appointed counsel entered a plea of not guilty, but when the case was called this attorney notified the court that the defendant desired to change his plea from not guilty to the charge of armed robbery to a plea of guilty of robbery. KRS 433.120(1). Phelps, his counsel and the attorney for the Commonwealth were called to the bench where the court determined that the change of plea was voluntary and that the defendant fully understood that punishment would be imposed upon the plea of guilty. Phelps was allowed to withdraw his plea of not guilty of the charge of armed robbery and enter a plea of guilty to an amended charge of robbery. The attorney for the Commonwealth then recommended that Phelps' punishment be fixed by confinement in the penitentiary for three years. All of this discussion at the bench took place in the courtroom in which the appellant claims the prospective members of the jury were present and it is argued that the members of the jury panel *presumably* heard the discussion.

The court and the attorneys for the respective parties retired to the judge's chambers where the court stated that it would only reluctantly accept a recommendation of punishment of five years' confinement in the penitentiary. Counsel advised appellant of the position which the court had taken and this was not acceptable to Phelps. He was allowed, through his counsel, to reinstate his plea of not guilty to the charge of armed robbery.

The court made inquiry as to whether the parties were ready for trial and they announced ready. The accused sought no continuance, and made no objection to the jury panel and no motion to discharge the panel. The jury selection was made from the prospective jurors who had been present in the courtroom during the preliminary proceedings. Voir-dire examination was conducted by the court and the respective attorneys. The question was asked: "Do any of you know of any reason why you could not go in the jury box and render both the Commonwealth and the defendant a fair and impartial trial?" No juror indicated any inability and trial and conviction followed.

For the first time, on motion for a new trial, Phelps' counsel raised the issue that appellant was not tried before a fair and impartial jury. There is nothing in the record to indicate that any juror heard the discussion. The argument is predicated on a statement that "The due process of law right to a fair trial by an impartial jury was violated when the trial court conducted a prejudicial pretrial discussion within the hearing range and presumably heard by the petit jury panel."

█ █  This court has made it abundantly clear that trials must be conducted before fair and impartial jurors (Gossett v. Commonwealth, Ky., 426 S.W.2d 485 (1968)), but here the claim that the jury was disqualified came too late. KRS 29.025(2); Levi v. Commonwealth, Ky., 405 S.W.2d 559 (1966) cert. den. 385 U.S. 956, 17 L.Ed. 2d 303, 87 S.Ct. 391; Cf. Borders v. Borders, Ky., 376 S.W.2d 519 (1964), and cases cited therein.

█  It appears to us to be undesirable for the court and counsel within the hearing of prospective jurors to engage in discussions similar to those referred to in this case, however, there is nothing in the record to indicate that the conversation was audible to prospective jurors, only the statement in appellant's brief that the "pretrial

discussion (was) within the hearing range and presumably heard by the petit jury." Even if the objection was timely made we could not hold that an error was committed on this assumption. Kiper v. Commonwealth, Ky., 415 S.W.2d 92 (1967).

The judgment is affirmed.

All concur.