**Thurman C. WHITE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 25, 1974.

Richard E. Moorman, Leitchfield, for appellant.

Ed W. Hancock, Atty. Gen., Mark F. Armstrong, Asst. Atty. Gen., Frankfort, for appellee.

JONES, Justice.

Thurman C. White was convicted in the Meade Circuit Court in November 1972 on a charge of grand larceny. The jury rendered a guilty verdict and fixed his punishment at five years' imprisonment. From the judgment sentencing him, White appeals, alleging errors by the trial court.

At trial the Commonwealth proved that a backhoe and trailer had been stolen from Hobbs and Shircliffe Construction Company. A number of witnesses for the Commonwealth testified they saw the backhoe and a trailer in White's yard.

White testified that he needed some work performed on his farm. He mentioned this to a man named Harris, alias Snyder. Harris had a friend Owens who owned a backhoe and could do the work. Thereafter, the backhoe appeared on White's farm. Prior to May 16, 1972, when White sold at auction his farm and equipment, the backhoe and trailer were taken to a body and repair shop in Radcliff. The trailer was to be painted. White testified that the backhoe was removed to make room for those attending the sale.

On May 12, 1972, a neighbor saw a backhoe on White's farm. The serial num-

ber plate had been partially obliterated by burning. He also saw a portion of the destroyed serial plate beside the backhoe. Subsequently, an investigation revealed the serial number to be that reported as stolen. White denied knowledge of the removal of the serial plate and theft of the backhoe. Prior to commencement of trial, on October 31, 1973, while twenty-one members of the jury were seated in the courtroom where they could hear proceedings before the trial court, White moved for a continuance because of the absence of a witness. Instead of conducting the hearing on the motion in chambers, the court permitted the following colloquy between the Commonwealth's Attorney and White's attorney to be had in open court:

The Commonwealth's Attorney said:

"Now on this Dan Harris, this Dan Harris is indicted here on another indictment with *Mr. White* (emphasis ours). There is no record for being subpoenaed here for him. As a matter of fact, he was apprehended in Tennessee a few weeks ago and before we could expedite him the Tennessee authorities allowed him to make bond and he jumped bond.

"Now Mr. White probably knows more about where Mr. Harris is than we do, but the matter is that he is a *co-defendant here on another* indictment and there is no record here other than some inferences that Mr. Moorman (counsel for White) has left with Mr. Medley (circuit clerk) that a summons was even issued for Mr. Dan Harris. I don't think there is grounds for a continuance."

Mr. Moorman, counsel for White, then objected:

"Your honor, I object to the remarks that the Commonwealth's Attorney has made before this jury and move that the panel be discharged because of the inflammatory statements regarding the defendant and his conduct leading up to the preparation for this trial."

The trial court and counsel then retired to the court's chambers for further consideration of the motion which was overruled. The case was reassigned for the following day.

On November 1, 1973, twelve additional jurors were present. The case proceeded to trial. The jury was composed in part from the regular panel and in part from the special venire. Counsel for White approached the bench and renewed his objection, as follows:

"The defendant objects to the original panel which comprises a part of *this jury which is trying the case* upon the grounds that the Commonwealth Attorney's statements in the presence of the panel were inflammatory in that he stated that T. C. White probably knew more about where the absent witness Harris (co-defendant of White) is than he did. . . ."

This motion was overruled, and the trial proceeded.

The motion of October 31, 1973, and its renewal on November 1, 1973, were sufficient to place the trial court on notice the prejudicial remarks had been made in the presence of a number of the members of the jury. Under the circumstances the trial court, in furtherance of justice, should have continued the trial or discharged the panel. His failure to do so was prejudicial to the rights of White. Cf. Phelps v. Commonwealth, Ky., 435 S. W.2d 86 (1968).

We have reviewed the record and find no merit in other claimed errors.

The judgment is reversed with directions that White be granted a new trial.

OSBORNE, C. J., and JONES, MILLIKEN, REED, PALMORE, STEINFELD and STEPHENSON, JJ., sitting.

All concur, except REED, J., who concurs in result only.