# CASES DETERMINED

IN

# THE SUPREME COURT,

## JULY TERM, 1859.

| 13 | 581 |
| 99 | 567 |

### THE PEOPLE *v.* KEENAN.

IN a criminal case, if the Court below impose upon counsel, against their consent, a limitation of time for argument before the jury, it is done at the risk of a new trial, if it be shown by the uncontradicted affidavits of the counsel, that the prisoner was deprived, by the limitation, of the opportunity of a full defense; for this is his constitutional right, without which he cannot be lawfully convicted.

Courts have a large discretion over the conduct of proceedings before them, and may limit counsel to reasonable time. But in capital cases this should·be done, if at all, only in very extraordinary and peculiar instances.

APPEAL from the Fifteenth District.

For facts see opinion.

BALDWIN, J. delivered the opinion of the Court—TERRY, C. J. concurring.

The defendant was convicted of the crime of murder in the first degree, and now appeals from the judgment.

Without noticing other errors, it is sufficient for the disposition of this case to consider a single point made by the prisoner's counsel.

The bill of exceptions states:

"And be it further remembered that, on the trial of said cause the Court, before the counsel commenced their argument and after the evidence was closed, ruled that each counsel in the case should be restricted to an hour and a half in making his argument to the jury, to which ruling of the Court, defendant, by his counsel, then and there duly excepted, on the ground that there was no rule of the Court, nor ever had been any rule of the Court, established, restricting counsel to any particular length of time in the argument of a criminal case before a jury; and on the ground that the evidence, so far as proving the charge against defendant laid in indictment was concerned, was altogether circumstantial and presumptive, and very voluminous, being the evidence of some fourteen different witnesses, many of whom were examined at great length, so that that length of time would be quite insufficient for counsel for defendant to do their client full and ample justice in the argument of said cause. The Court overruled the objection, and the defendant, by his counsel, then and there excepted.

And be it further remembered that, on the trial of said cause, when C. F. Lott, one of defendant's counsel, had argued said cause to the jury an hour and a half, (the time allowed by the ruling of the Court,) and was stopped by the Court, that he, said C. F. Lott, one of defendant's counsel, moved for further time in which to finish his argument to the jury, stating as a reason therefor that he had not had sufficient time to answer all the arguments of the counsel for the people, who opened the argument to the jury, and had not had time to do justice to his client in the argument of the cause by noticing all the circumstances and evidence connected with the case—which motion the Court then and there overruled, and to which ruling of the Court the defendant, by his counsel, then and there duly excepted."

Afterwards, on motion for a new trial, the counsel for the prisoner filed affidavits as follows:

" State of California, County of Butte — District Court, Fifteenth Judicial District:

*The People* v. *H. Keenan*, charged with murder. Charles F. Lott, being duly sworn says, that he is one of the counsel for defendant ·in this cause, that in the argument of said cause to

the jury, he was limited to one hour and a half; that at the expiration of said time he wished to proceed with the argument further to the jury, and that the Court would not allow him to do so unless the further time should be taken from the allotted time of his colleague, which affiant refused to do.

That it was utterly impossible to present a full and fair argument of the cause of defendant to the jury in that time, there being fourteen witnesses examined, and the testimony being voluminous and all circumstantial, and that he believes the case of defendant was prejudiced by said rule of the Court, made after the evidence was closed to the jury.

CHAS. F. LOTT.

Subscribed and sworn to before me this 31st December, 1858.
M. H. DARRACH,
Clerk District Court, Butte County, California."

"State of California, County of Butte—Fifteenth Judicial District Court, November Term, 1858:

*The People of the State of California* v. *H. Keenan.* Thomas Wells, being duly sworn, says, that at the recent trial of defendant in the above entitled cause, he was one of said defendant, Keenan's, counsel; that by the ruling of the Court, restricting counsel of defendant to one hour and a half, he, affiant, was deprived of noticing several important points of the evidence, and many of the material facts and circumstances in the case; that the same were evidence, facts, and circumstances, which affiant verily believes that it was his duty to have noticed in the argument of said cause, if he had had an opportunity of so doing; and affiant further states that many points—material ones—were presented to the jury in said cause by the evidence and arguments of the Prosecuting Attorney, which, in the limited time allowed by the ruling of the Court, he could not notice, review, answer, or explain, to the jury, and that affiant verily believes that thereby the rights of his client, Hubert Keenan, were prejudiced.

THOMAS WELLS.

Sworn and subscribed to before me, this Dec. 31st, 1858.
M. H. DARRACH,
Clerk," etc.

Nothing appears upon the record contradicting the facts recited in these affidavits.

We do not dispute the right of the District Judge to control and direct the proceedings of the Court, so that the time be not wasted in arguments, disputes, and contentions, having no tendency to bring about a fair and legal disposition of judicial business. An enlarged discretion must necessarily be given him over this subject; and we should certainly with great reluctance disturb the exercise of that discretion in any given case. Nor do we here question the right of a District Judge to limit counsel to a reasonable time in their arguments to the jury, though from the danger to which this power is exposed, it is, perhaps, better, if ever done at all in capital cases, that it should only be done in very extraordinary and peculiar instances. It is, unquestionably, a constitutional privilege of the accused to be fully heard by his counsel. An opportunity must be afforded him for full and complete defense; and it is very difficult for a Judge to determine what effect a given line of argument may have upon a jury, or some one of them, or what period may be necessary to enable counsel to present, in the aspect deemed by them important, the case of their client. The minds of men are so differently constituted, that one advocate may require much more time for the statement and elaboration of his views than another. These observations apply with particular force to cases depending upon circumstantial testimony, where law and fact are so intimately blended that it is frequently necessary to argue the law to the jury in connection with matters of proof. It is impossible to deny that, if the constitutional privilege of being heard by counsel, be allowed at all, it must be so admitted as that the prisoner may have the benefit of a complete discussion of all the matters of law and evidence embraced by the case. In this instance, the Court limited the time for the argument against the prisoner's consent: at the expiration of that time, the counsel applied for an extension of it; and the affidavits of counsel of respectability and standing show that they were prevented by this restriction from a full and fair defense of their client; and this showing is fortified by the nature of the case, and the large mass of testimony before the jury.

The Court below erred in refusing to grant the new trial. If

it imposes a limitation of time upon counsel against their consent, this must be done at the risk of a new trial, if it be shown by uncontradicted affidavits that the prisoner was deprived by the limitation of the opportunity of a full defense: for this is his constitutional right, without which, he cannot be lawfully convicted.

Judgment reversed, and cause remanded for a new trial.