[No. 21181.    Department One.—March 9, 1895.]

# THE PEOPLE, RESPONDENT, v. PHINEAS JOHNSON, APPELLANT.

CRIMINAL LAW—ASSAULT WITH INTENT TO COMMIT RAPE—EVIDENCE— AGE OF PROSECUTRIX.—Upon the trial of a defendant accused of an assault with intent to commit rape, the admission in evidence of the testimony of the prosecutrix that she was but twelve years of age, and that she gained such information from certain entries made in the family Bible, is not prejudicial error if her elder sister testified positively that she was but twelve years of age, and there was no testimony offered by the defendant to prove that she was fourteen years of age.

ID. — DECLARATION OF DEFENDANT — EXCLUSION OF EVIDENCE — RULING CURED BY SUBSEQUENT EVIDENCE.—Where a witness for the prosecution related a conversation which occurred with the defendant at the home of the prosecutrix, after he had returned with him from the shop of a shoemaker, and upon cross-examination was not allowed to be asked by the defense what the defendant had said to the witness at the house of the shoemaker, any error in the ruling is without injury to the defendant, in view of the fact that the shoemaker, as a witness for the defendant, was allowed without objection to state all that the defendant had said at his shop.

ID.—TESTIMONY OF ARRESTING OFFICER—PROOF OF ACTIVE PART IN DE- FENSE—OPINION OF INNOCENCE.—Where the arresting officer while tes- tifying was required by the prosecution to state that he had taken an active part in the defense, for the purpose of showing his interest in the case, it is proper for the defense in rebuttal to ask the witness the cause or reason of his interest, and a statement by him that it was because upon investigation he believed the defendant innocent, cannot properly be stricken out upon motion of the prosecution.

ID.—REPUTATION OF PROSECUTRIX FOR UNCHASTITY—AGE OF CONSENT— CREDIBILITY OF WITNESS.—While, as a general rule, both the general reputation of a prosecutrix for unchastity and particular acts of un- chastity may be proven in a criminal action, involving an intent to commit rape, yet, where the prosecuting witness is under the age of consent, no evidence either of general reputation or specific acts of un- chastity is admissible, either as going to the question of consent, or as going to the credibility of her testimony in its entirety.

ID.—INSTRUCTIONS.—Where the charge as given to the jury fairly covers the law bearing upon the case, the refusal of very numerous instruc- tions asked for by the defendant is not erroneous.

ID.—INSTRUCTION—ACTS AND CONDUCT OF DEFENDANT—GUILTY INTENT— QUESTION OF FACT—ERRONEOUS INSTRUCTION.—Upon a charge of an assault with intent to commit rape, the specific intent with which the assault was made is a material element in the case, and the court has no right to put a state of facts to the jury which would bar them from finding the intent to be other than that charged in the information; and where the defendant may have done any of the things testified to by the prosecutrix and still have had no intent to commit rape, his intent

is a question of fact which it is the sole province of the jury to determine, and an instruction to the jury that if they believed the evidence of the prosecutrix as to the acts and conduct of the defendant, they must find him guilty, is erroneous.

Id.—Specific Intent—Presumption of Law.—When a specific intent is an element of the offense, no presumption of law can ever arise that will decide the question of intent.

Appeal from a judgment of the Superior Court of Amador County and from an order denying a new trial.

The facts are stated in the opinion of the court.

*William J. McGee,* for Appellants.

It was error for the court to refuse to allow the defendant's counsel to ask the prosecutrix upon cross-examination as to whether she had not accused many other men of attempting to rape her, as the defendant was entitled to a full and searching cross-examination of such witness. (Code Civ. Proc., sec. 2048; *Harper* v. *Lamping,* 33 Cal. 647; *Neal* v. *Neal,* 58 Cal. 287; *People* v. *Dennis,* 39 Cal. 625; *Sharp* v. *Hoffman,* 79 Cal. 404; *People* v. *Thomson,* 92 Cal. 506.) The testimony of the prosecutrix on her age was clearly incompetent. (Code Civ. Proc., secs. 1845, 1855; *People* v. *Ah Own,* 85 Cal. 580; *Sexton* v. *Sexton,* 56 Cal. 426.) The court erred in refusing to admit in evidence the defendant's reply to James Woolery when he was accused, as the defendant was entitled to a full cross-examination of this witness. (Code Civ. Proc., sec. 2049; *Harper* v. *Lamping, supra; Neal* v. *Neal, supra; People* v. *Dennis, supra; Sharp* v. *Hoffman, supra; People* v. *Thomson, supra.*) The defendant should have been allowed to impeach the character of the prosecutrix for chastity by evidence of her general reputation in the community in which she lived, and the ruling of the court that her character for chastity could be proven only by evidence of specific unchaste acts was clearly erroneous. (3 Greenleaf on Evidence, secs. 212, 214; *People* v. *Benson,* 6 Cal. 221; 65 Am. Dec. 506; *Rex* v. *Hodgson,* Russell & Ryan's

Crown Cases, 21; *Rex* v. *Aspinwall*, 2 Starkie on Evidence, 700; *People* v. *Conkey*, 1 Abb. Dec. 418; 5 Park, 31; *People* v. *Brennan*, 7 Hun, 171; *Anderson* v. *State*, 104 Ind. 467.) The action of the court in giving in place of the instruction asked for by the defendant the instruction that " While it is the law that the testimony of the prosecutrix should be carefully scanned, still this does not mean that such evidence is never sufficient to convict; if you believe the prosecutrix it is your duty to render a verdict accordingly," was error. (*People* v. *Williams*, 17 Cal. 142; 3 Greenleaf on Evidence, sec. 2 B; *People* v. *Abbot*, 19 Wend. 192; *People* v. *Benson*, *supra; People* v. *Hamilton*, 46 Cal. 540; *People* v. *Ardaga*, 51 Cal. 371; *People* v. *Castro*, 60 Cal. 118.)

*Attorney General William H. H. Hart, Deputy Attorney General Charles H. Jackson*, and *District Attorney R. C. Rust*, for Respondent.

The evidence of the prosecutrix as to her age was admissible. (Code Civ. Proc., sec. 1845; 1 Greenleaf on Evidence, sec. 104.) The refusal of the court to allow evidence of the prosecutrix's general reputation for unchastity was proper. Even admitting, however, that such evidence should have been admitted, still it would not destroy the value of her testimony, as even a prostitute may be raped or the subject of an assault, and the law will seriously and vigorously protect her and permit her to testify fully to the assault. (*Wright* v. *State*, 4 Humph. 194; *Pleasant* v. *State*, 13 Ark. 360; *Higgins* v. *People*, 1 Hun, 307; *Rex* v. *Barber*, 3 Car. & P. 589; 4 Blackstone, 213.) The charge should be taken as a whole, and given a natural and unstrained interpretation. (*People* v. *Daniels*, 70 Cal. 522; *People* v. *Clark*, 84 Cal. 583; *People* v. *Turcott*, 65 Cal. 126; *People* v. *Herbert*, 61 Cal. 545; *People* v. *Raten*, 63 Cal. 425; *People* v. *Chun Heong*, 86 Cal. 330.)

GAROUTTE, J.—The defendant was convicted of a felony, and now prosecutes this appeal to secure a reversal of the judgment and a new trial.

1. The motion to set aside the information was properly overruled, and likewise the demurrer to the information. The defendant was charged with the offense of assault with intent to commit rape by means of force and violence. At the trial the prosecutrix testified that she was but twelve years of age, and that she gained such information from certain entries made in the family Bible. A motion to strike out her testimony as to her age, upon the ground that it was hearsay, was denied, and this ruling of the court is relied upon as error. In this state the age of consent is fixed by the statute at fourteen years. There was no testimony whatever offered upon the part of the defendant that the witness was fourteen years of age, and her oldest sister testified positively that she was but twelve. Under these circumstances we conclude the ruling of the court, if wrong, was harmless error.

2. A witness, James Woolery, brother of the prosecutrix, testified that after the alleged assault he went to the shoemaker-shop of one Pfend, found the defendant there, returned with him to the home of the prosecutrix, and then he related a certain conversation that occurred at that time. Upon cross-examination he stated what he had said to the defendant at the shop of Pfend, and, upon being asked by the defense what the defendant replied to his statement, the court held the question objectionable. This ruling is assigned as error, but, inasmuch as Pfend subsequently took the stand in behalf of the defendant, and was allowed without objection to state what the defendant said at that time, no injury to defendant could have possibly resulted from the ruling of the court.

3. The officer who arrested the defendant, while testifying, stated that he had taken quite an active part in the defense. This evidence was adduced by the prosecution (as stated by the district attorney at the time) for the purpose of showing the interest of the witness in the case. In rebuttal the witness was asked the cause or reason of his interest, and without objection in

answer to this interrogatory he stated that upon investigation he believed the defendant innocent. Upon motion this answer was stricken out. We deem this ruling of the court both erroneous and injurious. The answer was directly responsive to the question, and the opposite party should hardly be allowed to remain silent when the question was asked, and then be permitted to move to strike out the answer when he finds it against him. But, aside from this, we think the question and answer not objectionable. The prosecution having proven that the witness had an interest in the result of the litigation for the purpose of weakening the effect of his testimony, we see no valid reason why opposing counsel had not the right to show generally what that interest was for the purpose of counteracting the effect of the former evidence.

4. The defendant offered to prove the general reputation of the prosecutrix for unchastity, but the court denied the offer and allowed evidence of specific acts of unchastity to be proven, relying for such ruling upon the authority of *People* v. *Benson*, 6 Cal. 221. While that case holds that specific acts of unchastity may be proven, it does not hold that general reputation for unchastity may not be proven, and upon the authority of many text-writers and cases we have no doubt but that the general reputation of a prosecutrix for unchastity is proper and legal evidence. But the present case is an exception to the general rule. The prosecuting witness is under the age of consent, and for this reason evidence either of general reputation or specific acts would seem to be immaterial. This class of evidence is admissible for the purpose of tending to show the nonprobability of resistance upon the part of the prosecutrix. For it is certainly more probable that a woman who has done these things voluntarily in the past would be much more likely to consent, than one whose past reputation was without blemish, and whose personal conduct could not truthfully be assailed. In other words, this class of evidence goes to the question of consent only, and in a

case like the present the question of consent is not involved. In speaking to this point, while reviewing certain cases, Judge Cowen says, in People v. Abbot, 19 Wend. 192: "They seemed to suppose that the testimony was proposed to shake the general credibility of the witness, as if it went to truth and veracity. That is not so. It goes to her credibility in the particular matter, to a circumstance relevant to the case in hand, from which the jury are asked to say she did consent; and it may be proved by the prosecutrix, or, if she deny it, by others." (See, also, O'Blenis v. State, 47 N. J. L. 279; Lawson v. State, 17 Tex. App. 302.) Sound reason declares that such of necessity must be the rule. If this class of evidence was admissible as going to the credibility of the testimony of the prosecutrix in its entirety, then it would be equally admissible as against the veracity of any female who might be called upon to give evidence in a case. Yet no such principle is recognized anywhere. And, as an additional reason supporting the principle here declared, this class of evidence is always admitted against a prosecutrix charging the offense here charged, even though she gives no evidence at the trial of the case.

5. The defendant by his counsel prepared and asked the court to give to the jury forty-nine numbered and separate instructions. This was entirely too many. The case was not of the character demanding any such treatise upon criminal law. The court refused many of them and was justified in such refusal. The charge as given to the jury fairly covered the law bearing upon the case, and we see nothing objectionable therein, with a single exception. The court gave to the jury the following instruction: "While it is the law that the testimony of the prosecutrix should be carefully scanned, still this does not mean that such evidence is never sufficient to convict; if you believe the prosecutrix, it is your duty to render a verdict accordingly." The plain implication to be drawn by the jury from this instruction is that, if the jurors believe the evidence of the

prosecutrix, it then becomes their duty to find the defendant guilty. If this interpretation be too strong, then certainly it may be said that some of the jurors at least probably so understood the language of the court; and, upon any view, it was misleading and prejudicial to defendant's rights. The prosecutrix testified in detail to the acts of defendant, which it is claimed constituted the offense charged. All other evidence at the trial was merely corroborative of her statements. It is not claimed that the offense of rape was committed, and by this instruction the question of the intent with which the defendant did the acts testified to by the witness was absolutely taken from the jury. She testified to no intent of defendant. His intent was to be determined by his acts, and that intent was a question of fact with which it was the sole province of the jury to deal. As we have already said, the court instructed the jury in effect that, if they believed the evidence of the prosecutrix as to the acts and conduct of the defendant, they must find him guilty. Now, the defendant may have done all the things charged against him by the evidence of the prosecutrix, and still have been possessed of no intent to commit rape, and the jury should not have been foreclosed by the court from so finding, if they so believed. The question of the intent with which the assault was made, being the material element in the case, the court had no right to put a state of facts to the jury which would bar them from finding the intent to be other than that charged by the information. "When a specific intent is an element of the offense no presumption of law can ever arise that will decide this question of intent." (*People* v. *Landman*, 103 Cal. 577.)

For the foregoing reasons the judgment and order are reversed, and the cause remanded for a new trial.

HARRISON, J., and VAN FLEET, J., concurred.