[Crim. No. 910. Department One.—November 7, 1902.]

## THE PEOPLE, Respondent, v. JAMES H. BARKER, Appellant.

CRIMINAL LAW—ASSAULT WITH INTENT TO COMMIT RAPE—INTENT A QUESTION FOR JURY—INSTRUCTION—BELIEF OF PROSECUTRIX.—Upon the trial of a defendant charged with an assault with intent to commit rape, the intent is to be determined by the jury from the acts committed, and it is reversible error for the court to deny to the jury that right by instructing them that if they believed the prosecutrix it was their duty to render a verdict accordingly.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. F. H. Dunne, Judge.

The facts are stated in the opinion of the court.

L. Foster Young, Wickliffe Matthews, and Richard P. Henshall, for Appellant.

Tirey L. Ford, Attorney-General, A. A. Moore, Jr., Deputy Attorney-General, and Lewis F. Byington, District Attorney, for Respondent.

GAROUTTE, J.—Defendant has been convicted of the crime of assault with intent to commit rape, and appeals from the judgment and order denying his motion for a new trial. Many alleged errors are relied upon to secure a reversal of the judgment and a new trial, but we find no merit in the great majority of them, for in almost every case the rulings of the court were absolutely correct, and where not technically correct the errors committed were of a most trivial and unsubstantial character.

It is insisted that the information is fatally defective, and that a motion in arrest of judgment should have been granted for this reason. It is sufficient to say that the motion to arrest the judgment was properly denied, inasmuch as the information is in all substantials correct. A second point is made that the evidence is insufficient to support the verdict. There is nothing in this contention. If the evidence introduced before the jury upon the part of the prosecution was believed, then it was sufficient to justify the verdict rendered.

We find the action of the court as to the instructions given and refused correct in every particular, with a single exception. The court gave the jury the following instruction: "I instruct you also, gentlemen, that while it is the law that the testimony of the prosecutrix should be carefully scanned, still this does not mean that such evidence is never sufficient to convict. If you believe the prosecutrix, it is your duty to render a verdict accordingly." This statement made by the judge to the jury bears but one construction, and that is, the jury were in effect told that if they believed the evidence of the prosecutrix they must find the defendant guilty. In a case of the character here involved, where the intent with which the assault is made is the all-important element of the crime, the judge, as matter of law, can never be justified in stating to the jury that if they believe the evidence of any particular

witness, or of all the witnesses brought forward by the prosecution, that then they must find the defendant guilty. In such a case the intent is to be determined by and from the acts committed, and it is not for the judge, but for the jury, to say what particular intent follows from those acts. The instruction, as this court construes it, denies that right to the jury. This identical instruction was under review by this court in *People* v. *Johnson,* 106 Cal. 294, and it was there decided that it constituted reversible error. It seems that nothing further can be added to the reasons there given for the conclusion here declared.

For the foregoing reasons the judgment and order are reversed and the cause remanded for a new trial.

Harrison, J., and Van Dyke, J., concurred.