[Crim. No. 29. Third Appellate District.—September 26, 1906.]

## THE PEOPLE, Respondent, v. A. FERNANDEZ, Appellant.

CRIMINAL LAW—RAPE—EVIDENCE—FACT OF COMPLAINT—HEARSAY—DETAILS OF OFFENSE—NAME OF ACCUSED.—While, as a rule, the mere fact of complaint by the prosecutrix is admissible as original evidence, upon a prosecution for rape, the reason for admitting such proof is lacking where the one to whom the statement was made witnessed the offense. In no case is hearsay evidence admissible from statements of the prosecutrix as to the details of the offense or the name of the accused, and it is error to allow such evidence over specific objections to its incompetency, as hearsay.

Id.—Force or Consent not Involved.—Where the prosecutrix was a child of tender years, no question of force or consent arises as essential to the crime; and no fact to which the child could testify could be corroborated by her hearsay statements beyond the fact of the complaint, if any complaint can be said to have been made.

Id.—Misconduct of District Attorney—Opening Statement.—The district attorney overstepped the bounds of propriety in his opening statement in stating that he would prove facts, in their nature calculated to prejudice the defendant, which facts he must have known were not admissible as evidence, unless he could connect them with the knowledge and approval of the defendant, which could not be done upon any substantial basis.

Id.—Improper Order—Limiting Argument.—Where the showing of the defendant was uncontradicted that the order of the court limiting the argument in a felony case, in view of the condition of the record, rendered it impossible for the counsel for the defendant to submit a full and fair argument of the cause to the jury in that time, and that the rights of the defendant were prejudiced thereby, the order deprived the defendant of his constitutional right to a full defense, and entitles him to a new trial.

Id.—Instruction as to Assault with Intent to Commit Rape.—Although force is not an element of an assault with intent to commit rape upon a female under the age of consent, an instruction on that subject should be sufficiently specific to show contact of some sort with the child by taking hold of her in such manner as to indicate the intent to have carnal knowledge of her, though this intent may be judged by the facts and circumstances.

Id.—Conviction upon Uncorroborated Testimony—Instructions.—Though the rule is well settled that the defendant may be convicted upon the uncorroborated testimony of the female upon whom the assault was committed, yet the rule should be so stated in an instruction as not to charge with respect to matters of fact.

Id.—Competency of Child as Witness—Discretion of Court.—The determination of the judge of the trial court, upon an objection to the competency of the child upon whom the assault was committed as a witness, in favor of her competency, is not a matter for review, unless the abuse of discretion is very clear. Although permitted to testify, the jury would doubtless take into consideration the immaturity of the child's mind in passing upon the weight of its testimony.

APPEAL from a judgment of the Superior Court of Merced County, and from an order denying a new trial. E. N. Rector, Judge.

The facts are stated in the opinion of the court.

Ben Berry, and F. G. Ostrander, for Appellant.

The court erred in allowing hearsay evidence as to the details of the offense and the name of the accused. (*People* v. *Lambert*, 120 Cal. 172, 52 Pac. 307; *People* v. *Wilmot*, 139 Cal. 105, 72 Pac. 838.) The district attorney in his opening statement misled the jury to the prejudice of the defendant against the presumption of innocence, without legal ground therefor. (*People* v. *Strausman*, 112 Cal. 687, 45 Pac. 3; 22 Am. & Eng. Ency. of Law, 2d ed., p. 1236; *People* v. *O'Brien*, 130 Cal. 1, 62 Pac. 297; *People* v. *Wells*, 100 Cal. 459, 34 Pac. 1078.) The child was incompetent as a witness. (*Donnelly* v. *Territory*, 5 Ariz. 291, 52 Pac. 368; *Holst* v. *State*, 23 Tex. App. 1, 59 Am. Rep. 770, 3 S. W. 757; *Beason* v. *State*, 72 Ala. 191; *State* v. *Belton*, 24 S. C. 185, 58 Am. Rep. 245.) The court improperly limited the argument. (*People* v. *Green*, 99 Cal. 564, 34 Pac. 231; *People* v. *Keenan*, 13 Cal. 581; *Dille* v. *State*, 34 Ohio St. 617, 32 Am. Rep. 395.) The instruction as to assault was not sufficiently specific (*People* v. *Johnson*, 131 Cal. 515, 63 Pac. 842 ), and usurped the province of the jury. (*People* v. *Johnson*, 106 Cal. 289, 294, 39 Pac. 622; *People* v. *Barker*, 137 Cal. 557, 70 Pac. 617.)

U. S. Webb, Attorney General, C. N. Post, Assistant Attorney General, and E. H. Hoar, District Attorney, for Respondent.

The competency of the child was in the discretion of the court, and cannot be judged of by a brutal cross-examination. (Jones on Evidence, secs. 739, 740.) Force is not an element of an assault to rape a child under the age of consent. (*People* v. *Verdegrees*, 106 Cal. 211, 46 Am. St. Rep. 234, 39 Pac. 607.) The instruction as to assault with intent to commit rape was not misleading, and must be taken with the charge as a whole. (*People* v. *Mendenshall*, 135 Cal. 344, 67 Pac. 325.) The law was correctly given as to the sufficiency of testimony of the prosecutrix to prove the offense predicated on the belief of the truth of it. (*People* v. *Flemming*, 94 Cal. 308, 29 Pac. 647; *People* v. *Gardner*, 98 Cal. 127, 32 Pac. 880;

*People* v. *Johnson,* 131 Cal. 511, 63 Pac. 842.)    The limitation
of argument was in the sound discretion of the court, if reason-
able.    (*People* v. *Green,* 99 Cal. 564, 34 Pac. 231; *Lee* v. *State,*
51 Miss. 566; *Yeldell* v. *State,* 100 Ala. 26, 46 Am. St. Rep. 20,
25, 14 South. 570; *State* v. *Hall,* 31 W. Va. 505, 7 S. E. 422.)
The fact that the testimony offered by the district attorney was
ruled out does not prove misconduct in his opening statement
as to what he intended to prove.    (*People* v. *Gleason,* 127 Cal.
323, 59 Pac. 592; *People* v. *McKay,* 122 Cal. 628, 55 Pac. 594.)

CHIPMAN, P. J.—Defendant was charged by information
with having feloniously assaulted one Stephini Granado, a
female child about seven years old, with intent to commit
rape.    He was convicted and sentenced to imprisonment in
the state prison for the period of six years, and appeals from
the order denying a new trial and from the judgment of con-
viction.

1. It appeared by evidence that the child was living with
her uncle, Eduardo Enriquez, and his wife, Altagratio En-
riquez.    Sometime after the noon hour of October 17, 1905,
Eduardo was at his work of clearing some ground from tim-
ber near his home, and, needing the help of his wife, called
her to him.    Soon thereafter she returned to the house, and,
looking in, saw a man apparently in sexual contact with this
child.    The wife called to her husband, who came at once.
The man ran away as soon as he was surprised by Altagratio.
One of the strongly contested facts in the case, as to which
the evidence is by no means clear, was whether either the hus-
band or wife recognized the alleged assailant of this child.
Altagratio testified that she saw the accused in the act of
making the assault, and testified to circumstances tending to
corroborate the fact of an assault being made at the time.
The husband and wife went to the girl and at once chastised
her for her conduct and began interrogating her as to the
facts.    Over the objection of defendant the witness Alta-
gratio was permitted to testify to what the child told her of
the occurrence.    She testified: "I scolded the little girl and
told her and I asked her what had happened her and why she
hadn't called me.    Then she told me that this man had told
her—then the little girl told me she hadn't called because this
man had put an ax to her head and told her not to call."

"Mr. Ostrander: (Attorney for defendant.) We move to strike it out if the court please, upon the ground this is hearsay.

"The Court: The motion will be denied.

"Mr. Hoar: (Prosecuting attorney.) Did the child tell you what the name of the man was that was with her?

"Mr. Ostrander: We of course, interpose our objection to that on the same line. I want to make it specific everywhere.

"The Court: Yes.

"Mr. Ostrander: And we except.

"The Witness: Yes, sir, because none of us have seen him before this Sunday.

"Q. When did the child tell you what the name of this defendant was? A. Why at the same moment because I wanted to know. . . .

"Q. Was it immediately after you discovered the defendant? A. Yes, immediately after I saw the dirty act because I thought he had killed the little girl like any villain with a child might do.

"Q. What did the little girl tell you the name of the man was? A. Albero." (The first name of defendant.)

The motion to strike out was not directed to any particular part of the witness' answer, part of which, as given in the record, was free from the objection. The court and counsel probably understood that the objection was made to the hearsay statement, and the record would seem to warrant our treating the objection as directed to that particular statement about the threat made by her assailant. The point, however, arises also on the question as to the name of the girl's assailant where the objection was specific. The evidence shows that the witness saw enough herself, if the jury believed her, to establish the assault and that what the child told the witness was in response to questions asked by Mrs. Eurique after the assailant had fled. The rule on this subject is well settled and has been often approved of by our supreme court. It is found stated in *People* v. *Lambert,* 120 Cal. 170, [52 Pac. 307], *People* v. *Wilmot,* 139 Cal. 103, [72 Pac. 838], and in many earlier cases cited in these two cases.

It was said in *People* v. *Wilmot:* "It is well settled that in prosecutions for rape the people may prove that the injured party *made complaint of the injury* while it was recent, and that this may be shown both by the prosecutrix and those to

whom the complaint is made. While such evidence would ordinarily be hearsay, its admission in this class of cases is justified upon the ground that in such cases, when restricted to the *fact of complaint,* it is in the strictest sense original evidence." Mr. Greenleaf says: "This complaint constitutes no part of the *res gestae;* it is only a fact corroborative of the testimony of the complaint." (3 Greenleaf on Evidence, sec. 213.) It was further said in *People* v. *Wilmot:* "It is clear that to allow any mere statement of the prosecutrix as to the details of the affair, *or as to the name of the person accused by her,* to be given in evidence would be to allow hearsay evidence to prove the offense." (Citing *People* v. *Lambert,* 120 Cal. 170, [52 Pac. 307].) In the present case the reason for admitting proof of the complaint is lacking, for the offense was witnessed by the person to whom it was sought to show what the child said had occurred. No question of force or of consent could arise as essential to the crime, and no fact to which the child might testify could be corroborated by her hearsay statements beyond the fact of the complaint. Indeed, it can hardly be said that the child made any complaint at all. What she said was drawn from her by the questions of Mrs. Enriquez.

2. Exception was taken to the opening statement of the district attorney and prejudicial error is claimed for the alleged misconduct. It appeared that defendant, his brother and two other men were engaged in gathering corn husks not far distant from the Enriquez house at the time of the assault. Suspicion became directed to these persons in some way, and the sheriff arrested all of them. Enriquez was called upon to point out the one against whom he had made complaint, and defendant was held in custody and the others released and went their way. While riding with the sheriff and before the parties separated, the four men, who were Mexicans, were engaged in talking in the Spanish tongue, none of which conversation the sheriff understood. The district attorney told the jury in his address that after the defendant had been separated and taken away by the sheriff it would be proved that the brother of defendant attempted to bribe the complaining witness Enriquez to dismiss the case. Also that similar attempts were made by defendant's partner, Rodriquez. It was not claimed by the district attorney that the defendant knew of this or had authorized any such attempt.

And subsequently when he offered to prove the fact by Enriquez, the defendant objected to the evidence and the objection was sustained.  The district attorney justified his statement and his offer on the ground that agency might be inferred from the fact that while riding along with the sheriff the parties were talking of the defendant's guilt and that the attempt to bribe Enriquez was the subject of the conversation.  Also that the fact that the attempt at bribery having been made by defendant's brother shortly after they had separated was a circumstance corroborative of his agency to make the attempt.  All these facts were stated to the jury in his opening statement with considerable amplification and against defendant's frequent and persistent objection.

The court stated that it was difficult to place restrictions upon counsel in making their statements to the jury; that it could not anticipate what connection the evidence might have with the case or how counsel would connect it; that when offered the court would then rule upon it, and in fact the court did refuse the evidence when offered, and directed the jury to disregard the circumstance.

It is not necessary now to hold that a new trial should be granted for this alleged misconduct alone.  But we are quite satisfied that the district attorney overstepped the bounds of propriety in stating that he would prove facts, in their nature calculated to prejudice the defendant, which facts he must have known were not admissible as evidence unless he could connect them with the knowledge and approval of defendant, and this he did not pretend could be done except from the two circumstances above stated.  The court very properly took the view that the jury could not infer from so unsubstantial a basis that defendant had authorized his brother or Rodriquez to commit a felony.  But the mischief which defendant sought to prevent was already to some extent done.

It seems to us that counsel should, in their opening statements, refrain from stating that they would prove facts which they know cannot be established by competent evidence or by evidence which they have reason to believe to be inadmissible to establish the facts claimed to exist.  Courts frequently, to protect the rights of parties, refuse to allow offers of evidence to be made in the presence of the jury, which the opposing party has reason to believe is inadmissible and may

prejudice his case by being stated in the presence of the jury. Cases are sometimes reversed where counsel persist in seeking to obtain advantage by offering evidence in the presence of the jury which they know is incompetent or inadmissible. For somewhat the same reason counsel should avoid taking undue advantage, in the opening statement to the jury, by accomplishing at that stage of the case what they know they will not be allowed to accomplish when they come to offer their evidence.

3. At the conclusion of the evidence the court made an order limiting the argument to an hour and three-quarters to each side, to which defendant objected, and the objection having been overruled, the defendant excepted.

In support of the motion for a new trial Mr. Berry, one of defendant's attorneys, made affidavit, which is not contradicted, that five days were consumed in the trial of the case; that the testimony and proceedings occupy three hundred and fifty pages of the transcript as compiled by the reporter; that the testimony of two witnesses taken at the preliminary examination of the defendant and the testimony of one witness taken at a former trial of said cause, consisting of one hundred pages, was admitted by stipulation; "that it was utterly impossible to submit a full and fair argument of the cause to the jury in that time; that by reason of the limitation, counsel for the defendant were prevented from presenting to the jury may material points, which would have been presented, but for the order of the court limiting the time for argument, and he believed the rights of defendant were prejudiced by the said order of the court." It appeared that Mr. Ostrander closed the argument for defendant and was given five minutes' additional time, and, not having concluded his argument, he was allowed fifteen minutes of the district attorney's time, which he used and closed his argument.

The principal cases in this jurisdiction where the question is discussed are *People* v. *Keenan,* 13 Cal. 581, and *People* v. *Green,* 99 Cal. 564, [34 Pac. 231]. The cases where the point has arisen are quite fully shown in note to *Yeldell* v. *State,* 100 Ala. 26, [46 Am. St. Rep. 23, 14 South. 570]. It was said in *People* v. *Green, supra:* "That a defendant being tried on a charge of felony has a constitutional right to be fully heard in the defense by counsel, which it is not within

4 Cal. App.—21

the discretionary power of the court to deny or abridge, is not questioned. Yet it has been found impossible to formulate any abstract rule or definition by which the extent of this right may be ascertained in all cases. It is also well settled that the court has a discretionary power to restrain what has been termed, perhaps not quite appropriately, an *abuse* of this right, by which is meant very little more than that counsel may be restricted to a discussion of matters relevant to the case and restrained from wasting the time of the court by useless repetition. But it must always be a difficult as well as a delicate matter, in a case like this, for the court to determine in advance what limitation should be imposed upon counsel against their consent (*Williams* v. *State,* 60 Ga. 369, [27 Am. Rep. 412]); and, as was said in the case of *People* v. *Keenan,* 13 Cal. 581: 'If it [the court] imposes a limitation of time upon counsel against their consent, this must be done at the risk of a new trial if it be shown by uncontradicted affidavit that the prisoner was deprived by the limitation of the opportunity of a full defense; for this is his constitutional right, without which he cannot be convicted.' "

In *People* v. *Green,* 9 Cal. 564, [34 Pac. 231], the court gave a skeleton of the testimony and the issues of fact "to test the truth of the affidavits of counsel, to the effect that the time to which they were limited was insufficient." In that case the charge was robbery and the limitation put upon counsel for defendant was one hour, and the court held it to be an abuse of discretion. It is not possible to derive much benefit from a comparison of the facts in other cases with the one in question. The length of the trial and the quantity of testimony taken are not always or necessarily determinative of the question. Nor is it a safe guide for the judge to determine the limit by the time in which he might think he could adequately present the case fully for the defendant. The character of the testimony and the issues raised by it; its conflicting nature as well as the nature of the charge itself, must be considered; as was said in *People* v. *Keenan,* 13 Cal. 581: "It is difficult for a judge to determine what effect a given line of argument may have upon a jury, or some one of them, or what period may be necessary to enable counsel to present, in the aspect deemed by them important, the case of their client. The minds of men are so differently constituted that one advocate may require much more for the state-

ment and elaboration of his views than another." Where
counsel are limited to a stated time deemed by them too short
they may find it necessary to omit points of importance in
order to give more attention to others deemed of greater im-
portance. Or the elaboration of essential points deemed im-
portant may be prevented in order to make all the points
desired. Then, too, counsel speaking under limitations of
time which they feel to be wholly inadequate are under con-
straints not conducive to their best efforts, and to the full
protection of defendant's rights. The uncontradicted affi-
davit of counsel is that within the time limited it was "utterly
impossible to present a full and fair argument of the cause to
the jury," and that counsel were thereby "prevented from
presenting to the jury many material points which would
have been presented but for the order of the court limiting
the time for argument." We cannot very well skeletonize
the testimony in support of counsel's affidavit without to
some extent indicating our impression of the sufficiency or
insufficiency of the evidence to justify the verdict, and this
we must avoid, as the case must go back for a new trial. Suf-
fice it to say, that the peculiar circumstances surrounding the
case, as well as the nature of the charge; the many contra-
dictory statements of material facts by witnesses for the
prosecution; the tender age of the child and the importance
of her testimony given under conditions justly raising the
question for the jury whether it could safely be considered
by them in certain material respects; the conflict in the testi-
mony of witnesses at the preliminary examination and at
the first trial and at the last or present trial, and the alleged
self-impeachment of important witnesses for the prosecution;
the testimony as to the alibi claimed by defendant; the con-
flict in the testimony as to whether Enriquez truthfully re-
peated what witness Pete Rodriquez said to him about com-
promising the case which went into evidence to show bias of
the witness; that the medical experts did not agree as to the
results of a microscopical examination to discover sperma-
tozoa on the child's clothing; the fact that much of the testi-
mony was given by witnesses who could not speak or under-
stand the English language and testified by an interpreter;
these and other considerations which might be suggested lead
us to the belief that counsel's affidavit is true, and being un-
contradicted by the district attorney or by the condition in

which we find the record, we must conclude, under the authorities cited, that there was prejudicial error in making the order complained of.

4. It seems to us that in view of the theory of the prosecution and of certain facts attending the alleged assault, for example, that previously thereto her assailant gave the child freely of wine to drink, instruction numbered XIX given for the people, to which objection is taken, should be more specific. It was as follows: "In a charge of assault to rape a female under the age of consent, it is not necessary to show that the defendant intended to gratify his passion, at all events, or to use force, but it is enough that he intended to have intercourse *and took steps to that end.* The uncorroborated testimony of the female upon whom the assault is made, *if you believe her testimony to be true, is sufficient to establish the charge.*" The objection of defendant is directed to the italicized portions of the instruction. The first point made is that the intention alone is not sufficient; that there must be in this, as in all crimes, a union of act and intent (Pen. Code, sec. 20); and that there were in this case, as claimed by the people, several steps taken to the end sought which would not constitute an assault, or attempt to commit the crime, and yet the instruction might lead the jury to so consider them as justifying conviction. Attention is called to *People* v. *Johnson,* 131 Cal. 515, [63 Pac. 842], where similar language is used, but after the words "and took steps looking toward such intercourse," the following appears: "*And laid hands upon her for that purpose,* although he did not mean to use any force to complete his intent if it caused the child pain, and desisted from his attempt as soon as it hurt, he would yet be guilty of an assault with intent to commit the crime charged in the information." As the instruction reads, something in itself short of touching the child might be understood by the jury as constituting an assault with intent to commit the crime charged. Force is not an element of an assault where the female is under the age of consent, but there must be contact of some sort with the child or taking hold of her in such a manner as to indicate the intent to have carnal knowledge of her. But this intent, of course, may be judged by the facts and circumstances.

The second point of objection brings the instruction dangerously near the cases of *People* v. *Johnson,* 106 Cal. 289, 294, [39 Pac. 622], and *People* v. *Barker,* 137 Cal. 557, [70 Pac. 617], where the instruction read: ''If you believe the prosecutrix, it is your duty to render a verdict accordingly,'' and new trials were granted for the error. The principle is well settled that the defendant may be convicted upon the uncorroborated testimony of the prosecutrix, or, as in this case, upon the uncorroborated testimony of the female upon whom the assault was committed (*People* v. *Flemming,* 94 Cal. 308, [29 Pac. 647]; *People* v. *Gardner,* 98 Cal. 127, [32 Pac. 880], and other cases); but the rule should be so stated that the instruction would not be obnoxious to the objection that it is a charge with respect to matters of fact. (*People* v. *Johnson,* 106 Cal. 289, 294, [39 Pac. 622]; *People* v. *Baxter,* 137 Cal. 557, [70 Pac. 617].)

5. The claim is made that the court abused its discretion in allowing the child Stephini to testify, after her examination on her *voir dire.* It was said in *People* v. *Craig,* 111 Cal. 460, [44 Pac. 186]: ''The burden is upon the person who objects to the child being a witness, to show that he is incapable, and the determination of the judge upon such objection and an examination of the child is not a matter for review, any more than his ruling upon the capacity of an adult who may be offered as a witness.'' In *People* v. *Daily,* 125 Cal. 104, [67 Pac. 16], the court seems to have regarded the question as one of discretion, inferentially holding that if abused the appellate court might review it. However this may be, the case would have to be very clear before we should disagree with the trial judge as to the mental competency of a witness. His opportunity to pass upon the matter is much better with the witness before him than ours can be by reading the cold record. Although permitted to testify, the jury would doubtless take into consideration the immaturity of the child's mind in passing upon the weight of its testimony. We cannot say that in this instance the court erred in permitting the child to testify.

Other questions presented may not again arise, and we will therefore not notice them.

The judgment and order are reversed and the cause remanded for a new trial.

Buckles, J., concurred in the judgment.

McLAUGHLIN, J.—I concur, but base my concurrence wholly on *People* v. *Keenan,* 13 Cal. 581, and *People* v. *Green,* 99 Cal. 564, [34 Pac. 231], which I deem as binding on this court.